FILED

APR 2 3 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

Marlene B. Rivero
210 Vine St, PO Box 76
Grand Chain, Illinois
T: (618) 634:9512; C: (618) 534-4840

14-471-MJR-SCW

In pro persona

## U. S. DISTRICT COURT SOUTHERN DISTRICT OF ILLINOIS, COUNTY OF Southern Illinois
## JURISDICTION

| Marlene B. Rivero | ) | Case No.: |
|---|---|---|
| Plaintiff | ) | |
| | ) | **COMPLAINT FOR:** |
| vs. | ) | |
| | ) | 1) Continuing Tort and 2) Restatement torte including the following |
| Tom J. Vilsak, Secretary, DEPARTMENT OF AGRICULTURE, | ) | (EEO) complaint of employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 621 et seq. The appeal was accepted pursuant to 29 C.F.R. § 1614.405(a). The complaint concerned reprisal for prior protected EEO activities dating from 2004 to 2010 based on race, sex, age and a hostile work environment involving her first line supervisors (Ms. Diane Neal, 2004-2005 and Mr. Ron Moore S1, from 2006-2011), the second line Supervisor (Mr. Dan Lentz S2, District Ranger from 2004-2010), and third line Supervisor, (Mr. Hurston A. Nicholas S3, Forest Supervisor, prior to 2004-2011). Including 2007 Sexual Harassment & Inaborate Toushiy |
| Forest Service Agency | ) | |
| All Defendants | ) | |

Plaintiff Marlene B. Rivero

1. (hereinafter "Plaintiff"), makes the following allegations against Defendants Thomas J Vilsack, Sec.(hereinafter "Defendants").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over all causes of action asserted herein pursuant to

The United States Constitution, Article VI, Section 10, because this case is a cause not given by statute to other trial courts.

3. This Court has jurisdiction over Rule 40 (B)(D) all Defendants because all Defendants are former United States employees suing in individual capacity.

4. Venue is proper because the causes of action stated herein arose in this judicial

District. Venue is further proper in this Court because:
   (a) The claims was to be performed in Union and Saline Counties;
   (b) Defendant Managers resides in the Southern Illinois District;
   (c) Defendant (Forest Service) Agency has a principal place of business in Southern Illinois including Union County location of local office;
   (d) Plaintiff Tom J. Vilsack, Secretary is the United States Department of Agriculture, Forest Service Agency head. Resides in Washington DC.

D
## PARTIES

5. Plaintiff, Marlene ("Plaintiff") is an individual who resides in the County of

Pulaski, State of Illinois.

6. Defendant Tom J Vilsack, Sec is an individual who resides or works in the Washington DC, District of Columbus is a USDA, Agency with principal place of business located in the Washington DC, District of Columbus (hereafter collectively referred to as "Defendants").

7. Plaintiff is ignorant of the true nature legal working is not an attorney. How to stop the injustice or securing counsel to take on the Defendants law teams, she turns the EEOC system now to the Southern Illinois District Court.

8. Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants sued herein was the manager and employee of each of the remaining Defendants and was at all times acting within the purpose and scope of such of the Agency and employment. **(Pleading General Agency)**

**FACTUAL ALLEGATIONS**

9. On or about December 1, 2010, Plaintiff raise issue of continuing retaliatory harassment in the work environment to EEO field office in Atlanta who stated they would process in 40 days if management did not handle. Case was transferred to California for processing on December 8, 2010; In FAD after exhausting all avenue available Defendants deny claims. The Plaintiff motions for cost incurred be evidence of injury as not refunded through the process is now requested as in the past.

10. In consideration for the required referral and continuing needed therapy in 2004 - 2005 −2011 Defendants executed a requirement for Plaintiff to spent co-payments out of her resources this needs to be addressed. A true and correct copy of the referral is attached hereto as Exhibit "A.", 1-35 pages

11. Repayment of the referral and cost is due for past injuries.

Plaintiff demanded repayment of the monies spent.

12. To the filing of this action, Defendants have failed and refused to repay the monies owed by denying case

13. Defendants are therefore in breach of the monies spent due to Agency required referral for entire amount of $10,000.00 plus interest at the rate of 3% from January 8, 2004 until judgment is entered. 10,750.61 mBR

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For damages in the amount of $10,062.58; $10,750.61 mBR
2. For interest on that sum from January 1, 2004 until the date judgment is imposed;
3. Reasonable attorneys' fees and costs of suit herein incurred; and
4. For such other and further relief as the court may deem proper.

| DATED: April 23, 2014 | RESPECTFULLY SUBMITTED, |
|---|---|
| | By: *Marlene B.R.* |
| | Marlene B. Rivero<br>Plaintiff in Pro Se |